QUESTION:
Is a press release announcing a person's candidacy "advertising" within the meaning of s. 106.15(1), F.S., which prohibits expenditures for certain types of advertising in furtherance of candidacy?
SUMMARY:
Section 106.15(1), F.S., which prohibits expenditures for certain types of advertising in furtherance of candidacy, does not prohibit expenditures for simple press releases announcing candidacy or other limited communications not intended for general public distribution, such as letters to friends and supporters advising them of the person's intention to seek office and soliciting contributions.
Section 106.15(1), F.S., provides:
"(1) No person, candidate, political party, political committee, or person acting on behalf of another, shall, prior to qualifying for office, directly or indirectly make any expenditure in furtherance of any candidacy for the following purposes: (a) Advertising on radio or television; (b) Advertising in newspapers, magazines, or periodicals; (c) Advertising on billboards, banners, or streamers; (d) Advertising on campaign literature or any other printing; or (e) Renting of hall in which to address the public.
However, a person, candidate, political party, political committee, or person acting on behalf of another shall be permitted to reserve, but make no use of, advertising time and space prior to qualifying for office."
The primary object of statutory construction is the determination of legislative intent. Tyson v. Lanier, 156 So.2d 833 (Fla. 1963); Scarborough v. Newsome, 7 So.2d 321 (Fla. 1942).
The legislature did not prohibit a candidate from engaging in all activities in furtherance of his candidacy prior to his qualifying. A candidate can, for instance, solicit and receive contributions prior to his actually qualifying. It would be absurd to conclude that he can engage in such activities but cannot first announce his intention to seek public office.
It appears clear to me that the legislature intended the phrase "advertising on campaign literature or any other printing" to refer to printed pamphlets, handouts, cards, or other such material for general public distribution.
It is apparent that the phrase was not intended to prohibit expenditures for simple press releases announcing candidacy or other limited communications such as letters to friends and supporters advising them of the person's intention to seek office and soliciting contributions. However, such expenditures must be reported pursuant to Ch. 106, F.S.